# Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                                :
*In re*                                                         :   **Chapter 11**
                                                                :
**NTK HOLDINGS, INC.,** *et al.,*[1]                            :   **Case No. 09 – 13611 (KJC)**
                                                                :
        **Debtors.**    :   **(Jointly Administered)**
                                                                :
---------------------------------------------------------------x   Re: Docket No. ___

## ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY BLACKSTONE ADVISORY SERVICES L.P. AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application (the "*Application*"), dated October 28, 2009, of NTK Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code[2] and Bankruptcy Rule 2014(a) for authority to retain and employ Blackstone Advisory Services L.P. ("*Blackstone*") for the purpose of providing investment banking and financial advisory services to Nortek in connection with their chapter 11 cases, in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NTK Holdings, Inc. (4298); Nortek Holdings, Inc. (9907); Nortek, Inc. (4991); Aigis Mechtronics, Inc. (6764); Broan-Mexico Holdings, Inc. (1438); Broan-NuTone LLC (4397); Broan-NuTone Storage Solutions LP (4328); CES Group, Inc. (5781); CES International Ltd. (6119); Cleanpak International, Inc. (2925); Elan Home Systems, L.L.C. (7629); Gefen, Inc. (1217); Governair Corporation (1240); GTO, Inc. (6645); HC Installations, Inc. (0110); Huntair, Inc. (2838); International Electronics, LLC (4321); Linear LLC (9070); Linear H.K. LLC (9638); Lite Touch, Inc. (0152); Magenta Research Ltd. (5160); Mammoth-Webco, Inc. (3077); Niles Audio Corporation (2001); Nordyne Inc. (4381); NORDYNE International, Inc. (7842); Nortek International, Inc. (0717); NuTone LLC (9551); OmniMount Systems, Inc. (7936); Operator Specialty Company, Inc. (6248); Pacific Zephyr Range Hood, Inc. (8936); Panamax Inc. (0890); Rangaire GP, Inc. (4327); Rangaire LP, Inc. (9900); Secure Wireless, Inc. (2485); SpeakerCraft, Inc. (6374); Temtrol, Inc. (3996); Xantech Corporation (1552); and Zephyr Corporation (1650). The Debtors' principal offices are located at 50 Kennedy Plaza, Suite 1900, Providence, Rhode Island 02903. The addresses for all of the Debtors are available at the website chapter11.epiqsystems.com/nortek.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application.

accordance with the terms of the Letter Agreement, all as more fully set forth in the Application; and upon consideration of the Blackstone Declarations; and the Court being satisfied, based on the representations made in the Application and the Blackstone Declarations, that Blackstone is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and consideration of the Application and the relief requested therein a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Application having been provided to: (i) the United States Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors (on a consolidated basis); (iii) counsel for the Ad Hoc Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP (attn: Andrew N. Rosenberg, Lawrence G. Wee, and Brian S. Hermann) and Young Conaway Stargatt & Taylor, LLP (attn: Pauline K. Morgan); (iv) Goldman Sachs Credit Partners L.P. as agent under the Bridge Loan (attn: Andrew Caditz, Philip F. Green, Jaime Weisfelner, and Pedro Ramirez); (v) counsel for Goldman Sachs Credit Partners L.P., Cravath, Swaine & Moore LLP (attn: George Stephanakis); (vi) Bank of America, N.A. as agent under the ABL Facility (attn: Timothy A. Clarke and Richard M. Levensen); (vii) counsel for Bank of America, N.A., Shearman & Sterling LLP (attn: James L. Garrity and Susan A. Fennessey) and Potter Anderson & Corroon LLP (attn: Laurie Selber Silverstein); (viii) counsel for U.S. Bank N.A. as indenture trustee under the 10% Notes, the 8 ½% Notes, the 9 ⅞% Notes, and the NTK 10 ¾% Notes, Loeb & Loeb LLP (attn: Walter H. Curchack); (ix) counsel for the Ad Hoc Group of 10% Noteholders (as defined in the Prepackaged Plan),

Akin Gump Strauss Hauer & Feld LLP (attn: Michael S. Stamer and Philip C. Dublin); and (x) all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "*Notice Parties*"), and no further notice being necessary; and the legal and factual bases set forth in the Application establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings before the Court, the Court hereby ORDERS that:

1. The Application is GRANTED nunc pro tunc to the date on which the Debtors commenced their chapter 11 cases.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are authorized to retain and employ Blackstone as their financial advisor as of the commencement of these chapter 11 cases on the terms set forth in the Letter Agreement, the Application, and this Order.

3. Blackstone's compensation in accordance with the terms of the Letter Agreement shall not hereafter be subject to challenge except under the standard of review under section 328(a) of the Bankruptcy Code; provided, however, that the U. S. Trustee retains the right to object to Blackstone's compensation on any basis, including under the "reasonableness" standard set forth in section 330 of the Bankruptcy Code.

4. Blackstone shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*") and any applicable further orders of this Court; provided, however, that Blackstone shall not be required to maintain time records, and

Blackstone shall not be required to maintain receipts for individual expenses in amounts less than $75.

5. The U.S. Trustee retains all rights to object to Blackstone's fee applications (including expense reimbursement) on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. The indemnification obligations of Nortek set forth in Attachment A to the Letter Agreement are approved, subject during the pendency of these chapter 11 cases to the following:

    a. Blackstone shall not be entitled to payment of any amount of indemnification, contribution or reimbursement pursuant to the Indemnification Agreement for services under the Letter Agreement or otherwise, unless such services and the amount of such indemnification, contribution or reimbursement therefore are approved by the Bankruptcy Court;

    b. The Debtors shall have no obligation to indemnify Blackstone, or provide contribution or reimbursement to Blackstone, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Blackstone's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the material breach of Blackstone's contractual obligations unless the Court or an appellate court reviewing this Court determines that the indemnification, contribution or reimbursement would not be prohibited by In re United Artists Theatre Co., 351 F.3d 217 (3d Cir. 2003) or other applicable law; provided that in any further proceedings in this Court or on appeal related to this clause (ii), Blackstone shall not be deemed to have consented to such clause; or (iii) settled prior to a judicial determination as to Blackstone's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing but determined by the Bankruptcy Court, after notice and a hearing, to be a claim or expense for which Blackstone should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Agreement for services under the Letter Agreement;

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the chapter 11 cases of the Debtors (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the chapter 11 cases of the Debtors, Blackstone believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' obligations under the Indemnification Agreement (as modified by the order of the Bankruptcy Court approving the Indemnification Agreement), including without limitation the advancement of defense costs, Blackstone must file an application therefore in the Bankruptcy Court, and the Debtors may not pay such amounts to Blackstone before the entry of an order by the Bankruptcy Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Bankruptcy Court shall have jurisdiction over any request for fees and expenses by Blackstone for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Blackstone.

7. To the extent that there may be any inconsistency between the terms of the Letter Agreement, the Application, and this Order, the terms of this Order shall govern.

8. To the extent that any affiliates of the Debtors commence chapter 11 cases which are jointly administered with these chapter 11 cases, the retention and employment of Blackstone and other provisions of this Order shall apply to such debtors and their respective estates.

9. Notice of the Application as provided therein and in this Order shall be deemed good and sufficient notice of the Application.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of the Letter Agreement, the Application, and this Order.

Dated: November ___, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE