

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
:
*In re* : Chapter 11
:
NTK HOLDINGS, INC., *et al.*,[1] : Case No. 09-13611 (KJC)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x Re: Docket Nos. 7, 41

### FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO PAY PREPETITION CLAIMS OF CERTAIN CREDITORS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "*Motion*"), dated October 21, 2009, of NTK Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code,[2] for entry of an order authorizing, but not directing the Debtors to pay certain prepetition creditors in the ordinary course of business, all as more fully described in the Motion; and upon consideration of the *Declaration of Richard L. Bready in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "*Bready Declaration*"); and consideration of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NTK Holdings, Inc. (4298); Nortek Holdings, Inc. (9907); Nortek, Inc. (4991); Aigis Mechtronics, Inc. (6764); Broan-Mexico Holdings, Inc. (1438); Broan-NuTone LLC (4397); Broan-NuTone Storage Solutions LP (4328); CES Group, Inc. (5781); CES International Ltd. (6119); Cleanpak International, Inc. (2925); Elan Home Systems, L.L.C. (7629); Gefen, Inc. (1217); Governair Corporation (1240); GTO, Inc. (6645); HC Installations, Inc. (0110); Huntair, Inc. (2838); International Electronics, LLC (4321); Linear LLC (9070); Linear H.K. LLC (9638); Lite Touch, Inc. (0152); Magenta Research Ltd. (5160); Mammoth-Webco, Inc. (3077); Niles Audio Corporation (2001); Nordyne Inc. (4381); NORDYNE International, Inc. (7842); Nortek International, Inc. (0717); NuTone LLC (9551); OmniMount Systems, Inc. (7936); Operator Specialty Company, Inc. (6248); Pacific Zephyr Range Hood, Inc. (8936); Panamax Inc. (0890); Rangaire GP, Inc. (4327); Rangaire LP, Inc. (9900); Secure Wireless, Inc. (2485); SpeakerCraft, Inc. (6374); Temtrol, Inc. (3996); Xantech Corporation (1552); and Zephyr Corporation (1650). The Debtors' principal offices are located at 50 Kennedy Plaza, Suite 1900, Providence, Rhode Island 02903. The addresses for all of the Debtors are available at the website chapter11.epiqsystems.com/nortek.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the hearing to consider the relief requested therein (the "*Initial Hearing*") having been provided to: (i) the United States Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors (on a consolidated basis); (iii) counsel for the Ad Hoc Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP (attn: Andrew N. Rosenberg, Lawrence G. Wee, and Brian S. Hermann) and Young Conaway Stargatt & Taylor, LLP (attn: Pauline K. Morgan); (iv) Goldman Sachs Credit Partners L.P. as agent under the Bridge Loan (attn: Andrew Caditz, Philip F. Green, Jaime Weisfelner, and Pedro Ramirez); (v) counsel for Goldman Sachs Credit Partners L.P., Cravath, Swaine & Moore LLP (attn: George Stephanakis); (vi) Bank of America, N.A. as agent under the ABL Facility (attn: Timothy A. Clarke and Richard M. Levensen); (vii) counsel for Bank of America, N.A., Shearman & Sterling LLP (attn: James L. Garrity and Susan A. Fennessey) and Potter Anderson & Corroon LLP (attn: Laurie Selber Silverstein); (viii) counsel for U.S. Bank N.A. as indenture trustee under the 10% Notes, the 8 ½% Notes, the 9 ⅞% Notes, and the NTK 10 ¾% Notes, Loeb & Loeb LLP (attn: Walter H. Curchack); and (ix) counsel for the Ad Hoc Group of 10% Noteholders (as defined in the Prepackaged Plan), Akin Gump Strauss Hauer & Feld LLP (attn: Michael S. Stamer and Philip C. Dublin) (collectively, the "*Notice Parties*"), and no further notice being necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having held the Initial Hearing on the Motion on October 23, 2009, with the appearances of

interested parties noted in the record of the Initial Hearing; and upon all of the proceedings before the Court, the Court hereby ORDERS that:

1.  The Motion is granted to the extent set forth herein.

2.  Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay the liquidated, noncontingent, and undisputed prepetition amounts owed to Prepetition Creditors on account of the Payable Claims consistent with the terms of such obligations existing on the date of the commencement of these cases (the "***Commencement Date***"), with past practice or on terms satisfactory to the Debtors in their business judgment, provided, however, that if any such Prepetition Creditor refuses to continue to supply goods and services to the Debtors during the pendency of these cases on trade terms that are at least as favorable as those existing on or prior to the Commencement Date, consistent with past practice or on terms satisfactory to the Debtors in their business judgment, the Debtors may obtain the relief provided in paragraph 4 below.

3.  Payments made to the Debtors' Prepetition Creditors pursuant to this Order shall not exceed the sum of $108,400,000 in the aggregate without further Order of this Court; provided, however, that intercompany payments among Debtors will not be counted against the cap.

4.  In the event that a Prepetition Creditor does not maintain or reinstate trade terms that are at least as favorable as those existing on or prior to the Commencement Date or consistent with past practice during the pendency of these cases, or does not maintain trade terms agreed to by the Debtors, any payments made pursuant to this Order after the Commencement Date shall be, in the Debtors' sole discretion and subject to the rights of all parties in interest, either (i) deemed applied to postpetition amounts payable to such Prepetition Creditor or (ii)

US_ACTIVE:\43221980\03\65859.0004
RLF1 3507026V.1

3

recoverable by the Debtors as unauthorized postpetition transfers under section 549 of the Bankruptcy Code or other applicable bankruptcy or non-bankruptcy law.

5. During the pendency of these cases, the Debtors are only authorized to pay those Payable Claims that (i) were, as of the Commencement Date, due and owing or (ii) become due and owing (without regard to any acceleration of payment arising as a result of the commencement of these chapter 11 cases).

6. The undisputed obligations of the Debtors for goods and services received by the Debtor after the Commencement Date shall be afforded administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code and are not Payable Claims addressed by this Order.

7. The Debtors' banks or other financial institutions are authorized and directed to process, honor, and pay any checks drawn or electronic funds transfers requested on the Debtors' account to pay the Payable Claims, and the costs and expenses incident thereto, whether those checks or electronic funds transfer requests were presented prior to or after the Commencement Date, <u>provided</u> <u>however</u>, that such checks or electronic funds transfers are identified by the Debtors as relating directly to the authorized payment of the Payable Claims authorized to be paid pursuant to this Order, in each case solely to the extent that there exist sufficient funds to make such payments or other transfers; <u>provided</u> that in no event shall any such bank or other financial institution that takes any such action either (i) at the direction of the Debtors, (ii) in good faith belief that the Court has authorized such action consistent with the implementation of reasonable item handling procedures, or (iii) as a result of an innocent mistake made despite the implementation of reasonable item handling procedures, be deemed in violation of this Order or have liability in connection therewith.

8. The Debtors are authorized to issue replacement checks, resubmit electronic funds transfer requests, or otherwise make payment to any Prepetition Creditor on account of the Payable Claims authorized to be paid pursuant to this Order without the need for further Court approval.

9. Nothing herein constitutes (i) an admission as to the validity of any claim against the Debtors or (ii) a waiver of the Debtors' or any party in interest's rights to subsequently dispute any of the Payable Claims under applicable nonbankruptcy law.

10. Nothing contained in the Motion or in this Order (i) constitutes an assumption, adoption, or rejection of any executory contract or agreement between the Debtors and any third party or (ii) requires the Debtors to make any of the payments authorized herein.

11. The Debtors shall serve this Order within three (3) business days of its entry on the parties in interest identified in Local Rule 2002-1(b), including the Notice Parties.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: November 19, 2009
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE