

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
*In re* : Chapter 11
 :
NTK HOLDINGS, INC., *et al.*,[1] : Case No. 09–13611 (KJC)
 :
Debtors. : (Jointly Administered)
 :
------------------------------------------------------------x Re: Docket No. 63

ORDER PURSUANT TO RULE 1007
OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND LOCAL BANKRUPTCY RULE 1007-1
(I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS
AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, LISTS OF EQUITY SECURITY HOLDERS,
SCHEDULES OF CURRENT INCOME AND EXPENDITURES AND
STATEMENTS OF FINANCIAL AFFAIRS AND (II) WAIVING
THE REQUIREMENTS TO FILE SAME UPON CONFIRMATION OF THE PLAN

Upon the motion (the "*Motion*"), dated October 28, 2009, of NTK Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*"), pursuant to section 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*")[2] and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NTK Holdings, Inc. (4298); Nortek Holdings, Inc. (9907); Nortek, Inc. (4991); Aigis Mechtronics, Inc. (6764); Broan-Mexico Holdings, Inc. (1438); Broan-NuTone LLC (4397); Broan-NuTone Storage Solutions LP (4328); CES Group, Inc. (5781); CES International Ltd. (6119); Cleanpak International, Inc. (2925); Elan Home Systems, L.L.C. (7629); Gefen, Inc. (1217); Governair Corporation (1240); GTO, Inc. (6645); HC Installations, Inc. (0110); Huntair, Inc. (2838); International Electronics, LLC (4321); Linear LLC (9070); Linear H.K. LLC (9638); Lite Touch, Inc. (0152); Magenta Research Ltd. (5160); Mammoth-Webco, Inc. (3077); Niles Audio Corporation (2001); Nordyne Inc. (4381); NORDYNE International, Inc. (7842); Nortek International, Inc. (0717); NuTone LLC (9551); OmniMount Systems, Inc. (7936); Operator Specialty Company, Inc. (6248); Pacific Zephyr Range Hood, Inc. (8936); Panamax Inc. (0890); Rangaire GP, Inc. (4327); Rangaire LP, Inc. (9900); Secure Wireless, Inc. (2485); SpeakerCraft, Inc. (6374); Temtrol, Inc. (3996); Xantech Corporation (1552); and Zephyr Corporation (1650). The Debtors' principal offices are located at 50 Kennedy Plaza, Suite 1900, Providence, Rhode Island 02903. The addresses for all of the Debtors are available at the website chapter11.epiqsystems.com/nortek.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Delaware (the "***Local Rules***") for an order (i) extending the time within which the Debtors' must file their Schedules and Statements (as defined in the Motion) for an additional forty-eight (48) days to January 7, 2010, and (ii) waiving the requirement to file the Schedules and Statements upon the confirmation of the Prepackaged Plan, all as more fully described in the Motion; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been provided to: (i) the United States Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors (on a consolidated basis); (iii) counsel for the Ad Hoc Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP (attn: Andrew N. Rosenberg, Lawrence G. Wee, and Brian S. Hermann) and Young Conaway Stargatt & Taylor, LLP (attn: Pauline K. Morgan); (iv) Goldman Sachs Credit Partners L.P. as agent under the Bridge Loan (attn: Andrew Caditz, Philip F. Green, Jaime Weisfelner, and Pedro Ramirez); (v) counsel for Goldman Sachs Credit Partners L.P., Cravath, Swaine & Moore LLP (attn: George Stephanakis); (vi) Bank of America, N.A. as agent under the ABL Facility (attn: Timothy A. Clarke and Richard M. Levensen); (vii) counsel for Bank of America, N.A., Shearman & Sterling LLP (attn: James L. Garrity and Susan A. Fennessey) and Potter Anderson & Corroon LLP (attn: Laurie Selber Silverstein); (viii) counsel for U.S. Bank N.A. as indenture trustee under the 10% Notes, the 8 ½% Notes, the 9 ⅞% Notes, and the NTK 10 ¾% Notes, Loeb & Loeb LLP (attn: Walter H. Curchack); (ix) counsel for the Ad Hoc Group of 10% Noteholders (as defined in the Prepackaged Plan), Akin Gump Strauss Hauer & Feld LLP (attn: Michael S. Stamer and Philip C. Dublin); and (x) all parties entitled to receive notice in these chapter 11 cases pursuant to

Bankruptcy Rule 2002 (collectively, the "*Notice Parties*"); and no further notice being necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings before the Court, the Court hereby ORDERS that:

1. The Motion is granted to the extent set forth herein.

2. The time within which the Debtors much file their Schedules and Statements required by Bankruptcy Rule 1007 is enlarged and extended for an additional period of forty-eight (48) days beyond the thirty (30) day extension provided under Local Rule 1007-1(b) to January 7, 2010 (the "*Filing Deadline*").

3. Such extension is without prejudice to the Debtors' right to request a further extension of time within which to file the Schedules and Statements.

4. In the event that confirmation and the effective date of the Prepackaged Plan occurs before the Filing Deadline (as such date may hereafter be modified), then the requirement that the Debtors file their Schedules and Statements shall be waived; provided, however, that if the Debtors seek to establish a claims bar date, the aforementioned waiver shall be null and void, and the aforementioned extension of time to file the Schedules and Statements shall terminate as of the date that is ten (10) days after the filing of the bar date motion unless further extended by order of this Court.

5. The Debtors shall serve this Order within three (3) business days of its entry on the parties in interest identified in Local Rule 2002-1(b) and the Notice Parties.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: November 19, 2009
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE